```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978
```

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE FUND, AUTOMOTIVE INDUSTRIES PENSION FUND; JIM BENO, TRUSTEE,<br><br>Plaintiffs,<br><br>vs.<br><br>L.A. SMITH & SONS INC., a California corporation,<br><br>Defendant. | NO. C 08 1594 JL<br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating provisions of ERISA and the provisions of the National Labor Relations Act of

COMPLAINT
1

1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs, BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE FUND, AUTOMOTIVE INDUSTRIES PENSION FUND, (hereinafter "TRUST FUNDS"), named in the caption, are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multi employer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff JIM BENO is a Trustee. Said TRUST FUNDS are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believe and thereupon allege that defendant, L.A. SMITH & SONS INC., is found and is doing business in this judicial district.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendant and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto defendant was bound by written collective bargaining agreements with East Bay Automotive Council-Machinists 1546 and Painters Local 1176, a labor organizations in an industry affecting commerce. The aforesaid agreements provide that defendant shall make contributions to the TRUST FUNDS on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be bound to and abide by all the provisions of the Trust Agreements.

6. Defendant has breached both the provisions of the collective bargaining agreements and the Trust Agreements above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

7. Pursuant to the terms of the collective bargaining agreements there is now due, owing and unpaid from defendant to the TRUST FUNDS contributions for hours worked by covered employees found due by a payroll audit for the period November 1, 2001 through November 30, 2006 and liquidated damages, interest and testing fees which are specifically provided for by said agreements. The total amount due is $722,732.89; additional amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued.

8. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 7 above.

9. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreements and the Trust Agreement, and defendant refuses to make such payments in a timely manner.

10. The Trust Fund does not at this time seek to audit the

books and records of defendant. The only issue raised in this complaint is defendant's failure to pay the correct amount of contributions due. The Trust Fund seeks to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

11. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and a reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiff prays:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment, plus liquidated damages provided for by the contract, interest at the legal rate, testing fees, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUNDS.

3. That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

4. That the Court retain jurisdiction of this cause pending compliance with its orders.

 5. For such other and further relief as the Court deems just and proper.

DATED: March 20, 2008                ERSKINE & TULLEY
                                     A PROFESSIONAL CORPORATION


                                     By:/s/Michael J. Carroll
                                        Michael J. Carroll
                                        Attorneys for Plaintiffs